**FREEDOM COMMUNICATIONS INC. dba Orange County Register, a California corporation, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION; Resolution Trust Corporation; and Does 1 through 10, inclusive, Defendants.**

No. SA CV 93–903–LTL(RWRx).

United States District Court, C.D. California.

March 18, 1994.

**486**

James E. Grossberg, Duffern H. Helsing, Ross, Dixon & Masback, Santa Ana, CA, for plaintiff.

Michael C. Johnson, Asst. U.S. Atty., Los Angeles, CA, for defendants.

### ORDER *

LYDICK, District Judge.

This case is here on plaintiff's motion for expedited consideration. Plaintiff seeks an order that "proceedings in this [Freedom of Information Act (FOIA)] action shall take precedence on the Court's docket over all other cases, except cases the Court considers of greater urgency, that the Court shall schedule this action for trial at the earliest practical date, and that this action shall be expedited in every way."

The Court is aware of the section of the Judiciary Code that encourages the Court to expedite actions concerning federal rights including rights established under FOIA. 28 U.S.C. § 1657(a). The Court also notes plaintiff's arguments concerning the importance of the within action.

In 1984, Congress enacted 28 U.S.C. § 1657 (the Act), concerning the priority of civil actions in federal court as part of a larger, unrelated bill. Equivalent language had been introduced a year earlier as part of a proposed Federal Court Civil Priorities Act. For several years the American Bar Association and the Judicial Conference of the United States among others had been concerned about the proliferation of substantive laws with clauses directing the district courts to give priority to actions brought under the particular law. These organizations reflected a widespread feeling that the courts themselves were in the best position to prioritize their dockets. Accordingly, the 1984 Act repealed some eighty individual prioritization provisions and enacted section 1657. H.Rep. No. 985, 98th Cong., 2d Sess. (1984), *reprinted in* 1984 U.S.C.C.A.N. 5708, 5779 [hereinafter *House Report*].

> Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any [habeas corpus or recalcitrant witness action], any action for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5 [FOIA]) would be maintained in a factual context that indicates that a request for expedited consideration has merit.

28 U.S.C. § 1657(a).

█ The Act grants a court wide discretion to organize its docket. However, certain specific actions are named the highest priority civil actions—habeas corpus actions, recalcitrant witness actions and actions for preliminary or temporary injunctive relief. The Act encourages the courts to give special consideration to actions asserting federal rights. Regarding FOIA, the text states only that the rights granted by FOIA are among the federal rights worthy of special consideration. As there is no reason to suppose the converse, the special designation makes FOIA actions first among equals. Indeed, the House Report states "[I]t is the

* Editor's Note: Action dismissed pursuant to parties' joint stipulation March 24, 1994.

intent of the Committee that the 'good cause' provision be liberally construed by the courts for expedited consideration under the Freedom of Information Act." *House Report* at 6, 1984 U.S.C.C.A.N. p. 5784.

■ In general terms, it appears to be proper for a party to move for expedited consideration under the Act. The text of subsection (a), notably the reference to a "factual context", suggests that Congress contemplated case-by-case decision making. Moreover, the House Report quoted the following Department of Justice testimony with approval: "Litigants who can persuasively assert that there is a special public or private interest in expeditious treatment of their case will be able to use the general expedition provision . . ." *House Report* at 4, 1984 U.S.C.C.A.N. p. 5782. Thus a motion for expedited consideration is proper procedurally.

■ The Act also directs the Court to determine if a request for expedited consideration has merit. 28 U.S.C. § 1657. Plaintiff alleges that RTC is withholding documents in contravention of FOIA. RTC submitted a *Vaughn* index, suggesting at least that there are related documents in the agency's possession. The request concerns the alleged misdeeds of particular federal officials, misdeeds that would violate clear public policies. As plaintiff argues, the policies behind FOIA are at their strongest when the requested information concerns government actions. It is the content of the information, not the identity of the requestor, that argues for priority status. Plaintiff's request is entitled to rapid consideration by the Court as well as the RTC.

■ However, it does not appear that the order sought would have any effect. Several steps to ensure the speedy disposition of this matter already have been taken. To that end the Court set an early date for the mandatory status conference. At that conference the Court set the pre-trial conference for the first Monday after the Sunday that the parties themselves had recommended, set the motion and discovery cutoffs in advance of the dates recommended by the parties and informed the parties that trial would most likely immediately follow the pre-trial conference. The Court also admonished plaintiff that the key to speedy determination of a FOIA action is early completion of discovery.

The Court offers its assurance to all concerned that it will continue to handle all matters in this action in an expeditious manner. However, we do not see the value in issuing an order that does no more than reiterate policies already announced by statute and the Court itself. Accordingly, the Court denies plaintiff's motion without prejudice to its renewal in connection with a specific matter.

The Clerk of the Court will serve copies of this Order by United States mail upon counsel of record.